# ESTADO LIBRE ASOCIADO DE PUERTO RICO
## TRIBUNAL DE APELACIONES
## PANEL IV

| | | |
|---|---|---|
| **NELIO HERNÁNDEZ DE LA ROSA, su esposa CYNTHIA SANTIAGO por sí y en representación de la SLG y LEONARDO HERNÁNDEZ SANTIAGO**<br><br>Apelante<br><br>v.<br><br>**GOBIERNO DE PUERTO RICO p/c DEL HON SECRETARIO DE JUSTICIA Y OTROS**<br><br>Apelado | KLAN202400250 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala de Ponce<br><br>Caso Número: **PO2023CV01709**<br><br>Sobre: Daños y otros |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Cintrón Cintrón, Jueza Ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 23 de julio de 2024.

Comparecen ante nos el señor Nelio Hernández de la Rosa, su esposa, la señora Cynthia Santiago, la Sociedad Legal de Bienes Gananciales compuesta por ambos, y el señor Leonardo Hernández Santiago (en conjunto, parte apelante) y solicitan la revisión de la *Sentencia* dictada por el Tribunal de Primera Instancia, Sala Superior de Ponce (en adelante, TPI) el 21 de febrero de 2024.[1] Mediante dicho dictamen, el TPI declaró *Ha Lugar* la moción de desestimación instada por el Gobierno de Puerto Rico (Estado o parte apelada) y, en consecuencia, desestimó con perjuicio la acción de referencia presentada por la parte apelante.

Por los fundamentos que expondremos a continuación, se confirma la *Sentencia* apelada.

---

[1] Notificada el 27 de febrero de 2024.

Número Identificador
SEN2024 _____

**I.**

Según surge del expediente, el 8 de junio de 2023, la parte apelante incoó una demanda sobre violación de derechos civiles, daños y perjuicios y reivindicación de propiedad en contra del Gobierno de Puerto Rico, el Departamento de Justicia de Puerto Rico y la Policía de Puerto Rico. En esta, arguyó que, el **14 de abril de 2021**, el señor Hernández Santiago acudió a la oficina de Vehículos Hurtados en Ponce para ciertos trámites de inspección del vehículo Ford, modelo 350, adquirido recientemente. Alegó que, ese día, los agentes de dicha Oficina le informaron que el automóvil era hurtado, razón por la cual lo ocuparon para fines investigativos. En ese momento le otorgaron un informe de inventario y se hizo constar la retención del vehículo mediante la Querella 2021-3-200-000186. Adujo que le informaron que posteriormente le llegaría una carta de la Junta de Confiscaciones.

La parte apelante añadió en su demanda que durante los meses próximos a la ocupación del vehículo realizaron múltiples trámites para conocer del estatus de dicha acción, sin que se le otorgara una respuesta concreta. Especificó que, el **14 de julio de 2021**, el teniente Flores le indicó que estaban en espera de documentos para proceder al proceso final de confiscación y que **el vehículo no se le devolvería**.

La parte apelante precisó, además, que, en agosto de 2022, el agente Luis A. Sein le notificó que la querella donde se detalló la retención del automóvil fue cerrada el 19 de febrero de 2022. Añadió que, el 1 de septiembre de 2022, el sargento Maldonado le indicó que el vehículo ya no estaba en las facilidades de Vehículos Hurtados. También alegó que el 7 de octubre de 2022, el sargento Maldonado le anunció que la Ford, modelo 350 se le entregó a un nuevo dueño.

Conjuntamente, la parte apelante esbozó en la demanda que se generó una nueva querella con la División de Investigaciones Administrativas de la Policía de Puerto Rico y también el caso era investigado por el Negociado de Investigaciones Especiales, quien localizó el vehículo y se encuentra en posesión de un tercero civil. En la demanda la parte apelante también particularizó que, en cumplimiento con el ordenamiento jurídico, el **29 de diciembre de 2022,** notificó al Departamento de Justicia sobre los hechos del caso y la intención de demandar al Estado.

Asimismo, se alegó que la confiscación del vehículo en cuestión era nula e ilegal, por incumplimiento con los requisitos exigidos por la Ley Uniforme de Confiscaciones de Puerto Rico, y por no haberse realizado la notificación a todas las partes dentro del término legal aplicable. La parte apelante precisó que la confiscación violentó sus derechos constitucionales y que se le privó de su propiedad sin un debido proceso de ley. Destacó que la Policía de Puerto Rico dispuso de la unidad ocupada en clara violación a las disposiciones de la Ley Uniforme de Confiscaciones. Por tanto, solicitó la reivindicación de la cosa mueble y una compensación de $150,000.00 por los daños sufridos por la acción negligente del Estado.

En respuesta, el 5 de octubre de 2023, el Gobierno de Puerto Rico presentó una *Moción Solicitando Desestimación.* En su comparecencia, arguyó que procedía la desestimación de la demanda porque estaba prescrita. Añadió que los hechos ocurrieron el 14 de abril de 2021 y se notificó tardíamente al Estado el 29 de diciembre de 2022, en exceso de los 90 días que exige la Ley de Pleitos contra el Estado, *infra.* Adujo que la referida notificación fue realizada vencido el término de un (1) año que dispone el Artículo 1204 del Código Civil de Puerto Rico de 2020, por lo que esta

tampoco podía considerarse en ninguna circunstancia como un acto interruptor del término prescriptivo.

La parte apelante se opuso a la solicitud desestimación. Esgrimió que, aunque el vehículo fue ocupado para investigación el **14 de abril de 2021**, los hechos que daban lugar a la demanda ocurrieron el **7 de octubre de 2022**, cuando advino en conocimiento que, en ausencia de una notificación concreta por parte de la Junta de Confiscaciones de Puerto Rico, se le violó su derecho constitucional al debido proceso de ley. En esa dirección, arguyó que no fue la confiscación del vehículo lo que dio lugar a la demanda, más bien la violación al debido proceso de ley, la cual no se conoció cuando se retuvo el vehículo para investigación, sino cuando se enteró que el caso fue cerrado sin notificación y su vehículo se entregó a otro civil sin ser el dueño registral del mismo. A su vez, reiteró que la notificación al Estado se hizo dentro del término de 90 días que requiere la Ley aplicable. Puntualizó que la Junta de Confiscaciones nunca le notificó la confiscación para poder impugnarla.

Tras justipreciar las alegaciones de ambas partes, el 21 de febrero de 2024, el TPI emitió la *Sentencia* que hoy revisamos. Según adelantado, el foro de instancia declaró *Ha Lugar* la moción de desestimación incoada por el Gobierno de Puerto Rico y, en consecuencia, desestimó con perjuicio la demanda de referencia.

En su pronunciamiento, el TPI tomo como ciertos todos los hechos bien alegados en la *Demanda*. Razonó que, de los documentos que obraban en el expediente del caso surge que la notificación enviada al Estado se realizó el 29 de diciembre de 2022, transcurrido en exceso el término de 90 días dispuesto en el Artículo 2(a) de la Ley de Pleitos contra el Estado. Lo anterior, tomando en consideración que en la demanda se reclama por hechos acaecidos desde el 14 de abril de 2021. El foro *a quo* añadió que la referida

notificación se hizo vencido el término de un (1) año dispuesto en el Art. 1204 del Código Civil de Puerto Rico de 2020, por lo que la misma tampoco podía considerarse como un acto interruptor del término prescriptivo.

Así las cosas, el TPI determinó que la parte apelante incumplió con el requisito de notificación previa aplicable, lo cual tenía como consecuencia la pérdida del derecho a presentar reclamación alguna contra el Estado. Por ende, concluyó que, conforme la Regla 10.2 de Procedimiento Civil, procedía la desestimación de la demanda.

En desacuerdo con la decisión, la parte apelante comparece ante nosotros mediante el recurso que nos ocupa y alega que el TPI cometió los siguientes errores:

> Erró el Honorable Tribunal al determinar que el término prescriptivo de la presente reclamación comenzó a decursar cuando se les confiscó el vehículo a los demandantes para su investigación y no cuando estos se enteraron de que les había violado su debido proceso de ley.
>
> Erró el Honorable Tribunal al ignorar la existencia de la Ley para la Protección Vehicular, Ley Núm. 8 del 5 de agosto de 1987, según enmendada, y la Ley 119 de 2011, conocida como la Ley Uniforme de Confiscaciones de 2011, leyes que establecen el debido proceso de ley para el caso de autos.
>
> Erró el Honorable Tribunal al emitir una Sentencia Sumaria cuando hay una clara controversia de hechos en el caso que nos ocupa.

El 15 de mayo de 2024, el Gobierno de Puerto Rico, por sí y en representación del Departamento de Justicia y el Negociado de la Policía de Puerto Rico, a través de la Oficina del Procurador General de Puerto Rico, presentó su alegato. Con el beneficio de la comparecencia de todas las partes, estamos en posición de resolver.

## II.

### A.

El Artículo 1536 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 10801, establece que, "la persona que por culpa o negligencia cause daño a otra, viene obligada a repararlo". Esta

disposición es el umbral de la responsabilidad extracontractual y obliga a quien ocasione daño por culpa o negligencia, a resarcir a la víctima.

Para probar una causa de acción por daños y perjuicios, el promovente deberá demostrar, mediante preponderancia de la prueba: (1) que se ha sufrido un daño; (2) por medio de un acto u omisión culposo o negligente; y (3) que existe un nexo causal entre la acción u omisión de la parte y el daño sufrido. *García v. E.L.A.*, 163 DPR 800, 809 (2005). Así pues, el que un demandante ostente el derecho a recibir indemnización por un alegado daño presupone la existencia de un nexo causal entre el daño y el factor que lo origina. Es decir, sólo corresponde indemnizar los daños que son consecuencia del hecho que obliga a la indemnización. *Rivera Jiménez v. Garrido & Co., Inc.,* 134 DPR 840, 851-852 (1993).

Para instar esta causa de acción y reclamar la correspondiente indemnización por los daños sufridos, nuestro ordenamiento jurídico dispone que la parte agraviada cuenta con un término de un (1) año a partir de que se tiene conocimiento del perjuicio y se conoce quién fue la persona que se lo ocasionó. Art. 1204 del Código Civil de 2020, 31 LPRA Sec. 9496. Ello constituye la teoría cognoscitiva del daño. *CSMPR v. Carlo Marrero et als.*, 182 DPR 411, 425-426 (2011), citando las expresiones vertidas en *Padín v. Cía. Fom. Ind.*, 150 DPR 403 (2000). Pasado el año establecido por ley, la causa de acción de daños y perjuicios prescribe, por lo que la demanda que sea presentada transcurrido el mismo deberá ser desestimada.

El propósito de la prescripción es fomentar el pronto reclamo de los derechos, a la vez que se protege al obligado de la eterna pendencia de un reclamo en su contra. *Rivera Prudencio v. Mun. De San Juan,* 170 DPR 149, 167 (2007). La prescripción constituye un derecho sustantivo y acarrea la desestimación de cualquier

demanda presentada fuera del término previsto para ello. *Íd.* Además, la prescripción sirve a la paz jurídica, a la seguridad general y al bien público. Son razones de utilidad social las que le sirven de fundamento, las cuales, no pueden quedar al arbitrio de los particulares. Ahora bien, se ha reconocido que la prescripción del derecho es lo excepcional. El ordenamiento jurídico favorece el ejercicio y la conservación de los derechos mediante los medios interruptivos de la prescripción. *Galib Frangie v. El Vocero de P.R.*, 138 DPR 560, 566-567 (1995).

Las acciones para exigir el resarcimiento del daño sufrido como consecuencia de la culpa o negligencia de un tercero poseen una vida limitada y se extingue una vez transcurrido el plazo estatuido sin que se interrumpa eficazmente. Artículo 1197 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 9489; *Rivera Prudencio v. Mun. De San Juan*, supra, pág. 166. La prescripción de las acciones se interrumpe: (a) mediante la presentación de la demanda judicial o de la reclamación administrativa o arbitral por el acreedor contra el deudor, en resguardo del derecho que le pertenece; y en el caso de acciones disciplinarias, por la presentación de la queja; (b) por una reclamación extrajudicial hecha por el acreedor, dirigida al deudor; o (c) por el reconocimiento de la obligación por el deudor. Producida la interrupción, comienza nuevamente a transcurrir el cómputo del plazo prescriptivo. Artículo 1197 del Código Civil de 2020, *supra*.

Por otro lado, **la teoría cognoscitiva del daño establece que los términos para incoar una causa de acción comienzan a transcurrir cuando el reclamante conoce, o debió conocer, si hubiera empleado un grado razonable de diligencia, que sufrió daños y quién se los causó**. *CSMPR v. Carlo Marrero et als.*, supra, pág. 425. (Énfasis nuestro). Se ha reiterado que el verdadero punto de partida para computar el término prescriptivo para instar una

acción de daños y perjuicios es la fecha en la que el agraviado supo del daño y pudo ejercitar su acción. Por lo tanto, el término para ejercer las acciones comienza a transcurrir, no cuando se sufre el daño, sino cuando se conocen todos los elementos necesarios para poder ejercer la acción. **Se toma como verdadero punto de partida en una acción de daños la fecha en que el perjudicado conoció del daño, quién fue el autor, y, además, desde que éste conoce los elementos necesarios para poder ejercitar efectivamente su causa de acción**. *CSMPR v. Carlo Marrero et als.*, supra, págs. 425-426.

**B.**

En Puerto Rico rige la doctrina de inmunidad del Estado o inmunidad soberana desde que el Tribunal Supremo de Estados Unidos la incorporó a nuestro ordenamiento por mandato judicial en *Porto Rico v. Rosaly y Castillo*, 227 US 270 (1913). *Toro Rivera v. ELA*, 194 DPR 393, 406 (2015). Esta doctrina sirve de fundamento legal para impedir procesos judiciales contra el Estado, sin su consentimiento. *Guardiola Álvarez v. Depto. de la Familia*, 175 DPR 668 (2009); *Defendini Collazo et al. v. E.L.A.*, Cotto, 134 DPR 28 (1993).

La Ley Núm. 104 de 29 de junio de 1955, según enmendada, mejor conocida como la *Ley de Reclamaciones y Demandas contra el Estado* (Ley de Pleitos contra el Estado), 32 LPRA sec. 3077 *et seq.*, constituye una renuncia del soberano a su inmunidad que, aunque amplia, no representa una autorización ilimitada en contra de la protección que le asiste. Se autoriza demandar al Estado Libre Asociado de Puerto Rico ante el Tribunal de Primera Instancia de Puerto Rico por las siguientes causas:

> (a) Toda persona que tenga reclamaciones de cualquier clase contra el Estado Libre Asociado de Puerto Rico, por daños a la persona o a la propiedad, causados por culpa o negligencia de dicho Estado, deberá presentar al Secretario de Justicia una notificación

escrita haciendo constar, en forma clara y concisa, la fecha, sitio, causa y naturaleza general del daño sufrido, los nombres y direcciones de sus testigos, y la dirección del reclamante, así como el sitio donde recibió tratamiento médico en primera instancia. Los miembros de la población correccional reclusos en una institución carcelaria, ya sean convictos o sumariados, estarán exentos de cumplir con el requisito de notificación antes establecido.

(b) Dicha notificación se entregará al Secretario de Justicia remitiéndola por correo certificado, o por diligenciamiento personal, o en cualquier otra forma fehaciente reconocida en derecho.

(c) **La referida notificación escrita se presentará al Secretario de Justicia dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños que reclama.** Si el reclamante estuviere mental o físicamente imposibilitado para hacer dicha notificación dentro del término prescrito, no quedará sujeto a la limitación anteriormente dispuesta, viniendo obligado a hacer la referida notificación dentro de los treinta (30) días siguientes a la fecha en que cese la incapacidad. (Énfasis nuestro).

La intención de la Ley de Pleitos contra el Estado es que el cuerpo político responda por las actuaciones u omisiones de sus agentes y empleados de la misma forma en que sería responsable un ciudadano particular, siempre y cuando el agraviado cumpla con las condiciones y salvaguardas procesales dispuestas en la medida. *Toro Rivera v. ELA*, supra, pág. 406, citando a *Doble Seis Sport v. Depto. Hacienda*, 190 DPR 763 (2014).

Ahora bien, en lo pertinente, resulta esencial destacar que no podrá iniciarse acción judicial de clase alguna contra el Estado por daños causados por la culpa o negligencia de aquél, si no se hubiese efectuado la notificación escrita en la forma y manera y dentro de los plazos prescritos en esta sección, a menos que no haya mediado justa causa para ello. [...] 32 LPRA sec. 3077a(e).

### C.

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, es uno de los vehículos procesales disponibles para que una parte solicite la desestimación de una demanda. Entre las defensas a

formularse se encuentra el dejar de exponer una reclamación que justifique la concesión de un remedio.

Así, al enfrentarse a una moción de desestimación de esta naturaleza, el juzgador debe dar por buenas y ciertas todas las alegaciones fácticas delineadas en la demanda y considerarlas del modo más favorable a la parte demandante. *Rivera Sanfeliz et al. v. Jta. Dir. First Bank*, 193 DPR 38 (2015); *Colón Rivera et al. v. ELA*, 189 DPR 1033 (2013). No obstante, para que ello ocurra, los hechos deben ser aseverados de forma adecuada, así como también, expresados clara y concluyentemente y que de su faz no den margen a dudas. *Colón v. Lotería*, 167 DPR 625, 649 (2006).

Ahora bien, el promovente de la solicitud de desestimación prevalecerá si le demuestra al TPI que -aun dando por ciertos los hechos correctamente alegados- la demanda instada no expone una reclamación que justifique la concesión de un remedio. *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497, 505 (1994).

Se desprende de lo antepuesto que, el juez o la jueza, al evaluar una solicitud de desestimación por el fundamento de que la demanda no expone una reclamación que justifique la concesión de un remedio, está obligado/a a tomar como ciertos todos los hechos bien alegados en la demanda y considerarlos de la manera más favorable a la parte demandante. *Rivera Sanfeliz, et al. v. Jta. Dir. First Bank*, supra; *Colón v. Lotería*, supra. Así, solo cuando el TPI efectúe dicho examen y esté convencido de que la parte demandante no tiene derecho a remedio alguno bajo cualesquiera hechos que pueda probar, es que procederá desestimar la demanda. *Colón Rivera et al. v. ELA*, supra, a la pág. 1049; *El Día, Inc. v. Mun. de Guaynabo*, 187 DPR 811, 821 (2013); *Pressure Vessels P.R. v. Empire Gas P.R.*, supra.

La demanda no deberá ser desestimada a menos que se desprenda con toda certeza que el demandante no tiene derecho a

remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación. *Consejo de Titulares v. Gómez Estremera et al*, 184 DPR 407, 423 (2012); *Pressure Vessels P.R. v. Empire Gas P.R.*, supra. Entonces, es necesario considerar si, a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de este, la demanda es suficiente para constituir una reclamación válida. *Íd.*

**III.**

Mediante sus tres señalamientos de error, la parte apelante esencialmente aduce que la falta de notificación del proceso administrativo de confiscación del vehículo en cuestión paralizó los términos provistos para atender en los méritos cualquier cuestionamiento relacionado a éste. Arguye que luego de que se ocupara para investigación su vehículo, procedía que la Junta de Confiscaciones le notificara el resultado mediante correo certificado para así tener la oportunidad de impugnar dicha acción.

Asimismo, la parte apelante es enfática en alegar que es el **7 de octubre de 2022** y no el **14 de abril de 2021**, día de la ocupación del vehículo, que nació su reclamación contra el Estado por la violación de derechos civiles. Añade que la violación del debido proceso de ley se conoció cuando se enteró que su caso fue cerrado sin notificación y su automóvil se le entregó a otro civil. Por ende, es su contención que, a partir del 7 de octubre de 2022, notificó dentro de los 90 días al Departamento de Justicia el 29 de diciembre de 2022 la intención de demandar al Estado.

Además, la parte apelante resalta que, a la fecha del escrito en apelación, no tenía acceso al expediente de la Policía de Puerto Rico para corroborar a quién se le entregó el vehículo y bajo qué fundamento en derecho. En ese sentido, esboza que aún están en proceso ciertas investigaciones que podrían dar lugar a nuevos daños y nuevos cocausantes. Entiende que existe una controversia

sobre la fecha en que comenzó a transcurrir el término prescriptivo de un (1) año aplicable.

Por su parte, el Estado está conforme con la *Sentencia* apelada. Su posición estriba en que las alegaciones de la demanda de referencia no justifican la concesión de un remedio, pues, por una parte, había prescrito la causa de acción por daños y perjuicios y por otra, el Secretario de Justicia no fue notificado de la intención de demandar al Estado dentro del término legal de 90 días.

Tras un ponderado examen del expediente, la posición de ambas partes y el derecho aplicable discutido, forzoso es colegir que procedía declarar *Ha Lugar* la moción de desestimación presentada por la parte apelada. No atisbamos error en la determinación del TPI. El asunto bajo nuestra consideración versa sobre prescripción y el incumplimiento con el término de cumplimiento estricto para la notificación de la intención de demandar al Estado.

En vista de lo anterior, concluimos que, tomando como ciertos todos los hechos bien alegados por la parte apelante en la demanda, no existe causa de acción que justifique la concesión de un remedio a su favor. La causa de acción está prescrita, toda vez que, desde el 14 de abril de 2021, fecha en que se ocupó el vehículo Ford, modelo 350 para investigación, la parte apelante conoció, o debió conocer, el daño sufrido, toda vez que el Estado le privó de su propiedad. De hecho, ese mismo día la parte apelante se comunicó con un abogado porque entendían que el vehículo fue retenido por la Policía de Puerto Rico de mala fe.

Por tanto, concluimos que es desde el 14 de abril de 2021 que la parte apelante debió conocer que existían elementos suficientes que generaron una causa de acción en daños contra el Estado por privación de su automóvil sin un debido proceso de ley. Específicamente, la parte apelante conocía que se le ocupó el auto para investigación; que este sería confiscado porque era "chapeado"

y que no se le devolvería porque era robado. Más aun, el 14 de julio de 2021, a la parte apelante se le reiteró, por medio del agente Flores, que el vehículo en cuestión no sería devuelto. Es decir, evidentemente la contención de la parte apelante resulta equivocada. Aun si tomáramos esta fecha como el momento en el que comienza a decursar el periodo para presentar la acción, el término estaría igualmente prescrito. Avalar la postura de la parte apelante equivaldría a dejar al libre albedrío el referido término.

A pesar de todo lo anterior, la parte apelante notificó al Departamento de Justicia su intención de demandar al Estado el 29 de diciembre de 2022 y la demanda se presentó el 8 de junio de 2023. Ello, indudablemente ocurrió después que prescribió la acción. Es claro que la parte apelante se cruzó de brazos en espera de una comunicación de confiscación antes de notificar su intención de demandar al Estado y presentar su demanda.

Por lo tanto, somos del criterio que el foro primario no erró, ni abusó de su discreción en su determinación, ni en el manejo del caso, por lo que procede confirmar la *Sentencia* apelada.

**IV.**

Por las consideraciones que anteceden, confirmamos la *Sentencia* apelada.

Lo acordó el Tribunal y lo certifica la Secretaria.

La jueza Rivera Marchand disiente con opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

| NELIO HERNÁNDEZ DE LA ROSA, su esposa CYNTHIA SANTIAGO por sí y en representación de la SLG y LEONARDO HERNÁNDEZ SANTIAGO<br>Apelante<br><br>v.<br><br>GOBIERNO DE PUERTO RICO P/C DEL HON SECRETARIO DE JUSTICIA Y OTROS<br>Apelado | KLAN202400250 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Ponce<br><br>Caso Número: PO2023CV01709<br><br>Sobre: Daños y otros |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

**VOTO DISIDENTE DE LA JUEZA RIVERA MARCHAND**

En San Juan, Puerto Rico, a 23 de julio de 2024.

Respetuosamente disiento de la *Sentencia* emitida por la mayoría del Panel en la que se confirma la desestimación de la totalidad de la demanda instada, por prescripción de la acción por daños y perjuicios, así como, por la notificación tardía al Secretario de Justicia de la intención de demandar al Estado. En el dictamen emitido se concluye que, la reclamación está prescrita, al precisar que, la parte apelante solo suplica remedios por el acto de confiscación del vehículo en disputa.

Distinto a lo expuesto por el foro primario y por la mayoría del panel, soy de la opinión de que, la causa de acción se centra en el momento en que el demandante conoce que el Estado no retuvo el vehículo en controversia y lo entregó a un tercero sin justo título. Lo antes, sin participación alguna de la Junta de Confiscaciones, según el proceso establecido en la Ley Uniforme de Confiscaciones, 34 LPRA sec. 1724 *et. seq* y, de otra parte, al dejar sin efecto la confiscación, sin cumplir correctamente lo dispuesto en la Ley para la Protección de la Propiedad Vehicular, 9 LPRA sec. 3216, inciso (3).

Número Identificador

SEN2024_____

Al entretener el petitorio dispositivo por prescripción, instado por la parte apelada, en esta etapa tan temprana del pleito, al amparo de la Regla 10.2 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R.10.2 y su jurisprudencia interpretativa,[1] corresponde dar por ciertos los hechos alegados en la demanda. Siendo así corresponde -en apretada síntesis- tomar conocimiento de que, Nelio Hernández De La Rosa ostenta un certificado de título expedido por el Estado de la Florida sobre el vehículo Ford Modelo 350 de 1999.[2] Además, debemos dar por cierto que los demandantes enviaron el vehículo a Puerto Rico, en donde oficiales de las oficinas de vehículos hurtados de Ponce lo ocuparon, por entender que la unidad era robada. Otro hecho a tomar como cierto es que, la Policía de Puerto Rico informó a los demandantes que el presunto dueño del vehículo era Progressive Insurance, quien interesaba recuperar el vehículo y luego finalmente Progressive Insurance lo vendió en pública subasta.

Sin embargo, también surge de las alegaciones que Progressive Insurance informó mediante un correo electrónico[3] que, de una búsqueda en sus sistemas y archivos, no identificó reclamación alguna sobre el vehículo en disputa. De ahí, los demandantes advinieron en conocimiento del presunto desvío del proceso esperado y de la entrega de su vehículo a un tercero, sin que se haya efectuado reclamación alguna y sin ostentar justo título. Según alegaron, dicho acto les provocó daños al haber perdido el uso y disfrute de su vehículo que, a su entender, era de su propiedad. Ello, sin haberse configurado una confiscación real.

---

[1] Cuando de las alegaciones de la demanda surge que la causa de acción está prescrita, la parte demandada puede solicitar la desestimación por prescripción al amparo de la Regla 10.2(5) de Procedimiento Civil, *supra*, fundamentado en que, la demanda deja de exponer una reclamación que justifique la concesión de un remedio. *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043, 1066 (2020). Ante una solicitud de desestimación bajo el inciso (5) de la citada Regla 10.2 de Procedimiento Civil, el tribunal ha de tomar como ciertos todos los hechos claros y concluyentes, bien alegados en la demanda. *Costas Elena y otros v. Magic Sport Culinary Corp. y otros*, 2024 TSPR 13, resuelto el 16 de febrero de 2024.

[2] Véase Apéndice págs. 13-15.

[3] Véase Apéndice pág. 35 (Exhibit 13, anejo a la demanda).

A esos efectos, suplicaron la intervención de las unidades investigativas del Estado y presentaron una querella ante la Policía de Puerto Rico (tanto en el Negociado de Investigaciones Especiales y en la División de Investigaciones Administrativas). Es en esa etapa de los hechos que, los demandantes cursaron su notificación al Departamento de Justicia sobre su intención de demandar al Estado el 29 de diciembre de 2022, dentro del término dispuesto para ello. Los demandantes detallaron que, fue a partir del 7 de octubre de 2022 que advinieron en conocimiento de sus presuntos daños, cuando a pesar de ser el dueño del vehículo, el mismo fue entregado a otra persona sin justo título, sin el Estado retenerlo conforme a derecho. La demanda fue interpuesta el 8 de junio de 2023.

Contrario al análisis mayoritario opino que, la demanda versa sobre dos situaciones medulares que ocurren en dos fechas distintas. Ciertamente, de entender que el caso es únicamente sobre la objeción del apelante sobre el acto de confiscación, la causa estaría prescrita. Sin embargo, la parte demandante ha reiterado que eso no es el caso. Al dar por ciertas las alegaciones de la demanda, conforme la Regla 10.2, *supra,* surge que la parte demandante interesa remedios por una situación de hechos que surge con posterioridad al evento de la confiscación inicial. Conforme a las alegaciones de la demanda, la situación de hechos expuesta por los demandantes no tiene su génesis en el acto de la confiscación sino proviene de los sucesos que ocurren con posterioridad al evento, cuando se deja sin efecto la confiscación y la Policía de Puerto Rico entrega el vehículo, a un tercero, quien no es el presunto dueño, ni el titular del bien, sin notificación alguna, contrario al debido proceso de ley de los demandantes.

Como se sabe, una vez se materializa una confiscación, el Gobierno de Puerto Rico está facultado en ley para retener la propiedad confiscada. Ahora bien, de concretarse una confiscación

real, el mismo estatuto no faculta a los funcionarios de la División de Vehículos Hurtados a disponer del bien confiscado a un tercero sin participación de la Junta de Confiscaciones. De otra parte, de no concretarse una confiscación real, procede destacar que, la Ley de Propiedad Vehicular, 9 LPRA sec. 3216, inciso 3, faculta a la Policía de Puerto Rico a:

> Confiscar cualquier vehículo, pieza o chatarra, notificados como apropiados ilegalmente, robados, desaparecidos, destruidos, o exportados y el conductor, poseedor o la persona que reclama ser dueña no pueda presentar prueba de su título, siguiendo para ello los procedimientos establecidos en las secs. 1724 et seq. del Título 34, conocidas como la "Ley Uniforme de Confiscaciones de 2011", excepto que la notificación de confiscación a la persona o personas con interés en la propiedad confiscada se hará dentro de los próximos 20 días, contados a partir desde el momento de la ocupación de la propiedad; **Disponiéndose, que en el caso de vehículos, piezas o chatarra apropiados ilegalmente, robados o desaparecidos", deberá notificarse al verdadero dueño de éste ser conocido después de una gestión razonable; y Disponiéndose, además, que en caso de reclamarse la propiedad por éste y ser justificada adecuadamente su titularidad, quedará sin efecto la confiscación** y se le entregará la propiedad tan pronto deje de ser necesaria para el trámite criminal que proceda. (Énfasis nuestro.)

La disposición estatutaria antes señalada, faculta a la Policía de Puerto Rico a "dejar sin efecto una confiscación" una vez se notifica al verdadero dueño y se justifica adecuadamente su titularidad sobre la propiedad. Es la postura de la parte demandante que, adviene en conocimiento de la causa de sus daños y quién fue el autor, el día en que conoció que el Estado cometió un presunto error u omisión al entregar el vehículo a un tercero (Progressive Insurance) quien no tenía conocimiento de la reclamación y no ostenta justo título sobre el vehículo. Ello, sin acreditar notificación previa alguna.

En esta etapa temprana del litigio, solo nos corresponde determinar si la causa se encuentra prescrita y no la veracidad de las alegaciones de la demanda. Identificado el punto de partida para computar el término para instar la demanda de epígrafe y la notificación de intención de demandar al Estado, no existe

impedimento para que se le permita al apelante realizar un descubrimiento de prueba y en su día, de entender que procede, enmendar sus alegaciones para incluir nuevos demandados y causas.

Ante este cuadro fáctico y las alegaciones del modo más favorable a la parte demandante revocaría el dictamen apelado.

Por todo lo antes, respetuosamente disiento.

**Monsita Rivera-Marchand**
**Jueza de Apelaciones**